[Cite as *Leotta v. Great Lakes Pain Mgt. Ctr.*, 2020-Ohio-4995.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TERRY LEOTTA,                           :

    Plaintiff-Appellant,          :

                                     No. 109137

    v.                            :

GREAT LAKES PAIN MANAGEMENT    :
CENTER, ET AL.,

    Defendants-Appellees.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 22, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-896109

---

***Appearances:***

Cavitch, Familio & Durkin Co., L.P.A., and Gregory E. O'Brien, *for appellant.*

Reminger Co., L.P.A., Brian D. Sullivan, Erin Siebenhar Hess, and Aaren R. Host, *for appellees.*

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiff-appellant Terry Leotta ("Leotta") appeals from the trial court's dismissal of her complaint against defendants-appellees. For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} On February 4, 2015, Leotta filed a complaint against Great Lakes Pain Management Center ("Great Lakes"), J&K Pain Management Co., L.L.C. d.b.a. Great Lakes Pain Management Center, and Emad A. Mikhail ("Dr. Mikhail") (collectively, "Defendants") alleging medical malpractice. The complaint alleged that medical negligence had occurred in August 2013. On January 30, 2018, Leotta voluntarily dismissed this complaint pursuant to Civ.R. 41(A)(1)(A).

{¶ 3} On April 12, 2018, Leotta refiled the complaint (within the one-year limit laid out in R.C. 2305.19, Ohio's saving statute). Leotta successfully obtained service of process on Great Lakes on April 18, 2018. The same day, Leotta was notified that attempted service on Dr. Mikhail was unsuccessful. Leotta never again attempted to perfect service on Dr. Mikhail.

{¶ 4} On May 7, 2018, Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). The motion argued that Leotta's action was time-barred by R.C. 2305.113(C). In addition to this argument, Defendants included the following footnote in their motion:

> Defendants expressly assert the following affirmative defenses as part of this responsive pleading: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; and (6) failure to join a party under Civil Rule 19 or 19.1.

On May 11, 2018, Defendants filed an answer. Defendants denied Leotta's allegations and raised numerous affirmative defenses.

{¶ 5} On May 14, 2018, Leotta filed a brief in opposition to Defendants' motion to dismiss. On May 21, 2018, Defendants filed a reply brief in support of their motion. On June 1, 2018, Leotta filed a surreply. On August 6, 2018, Defendants filed a notice of supplemental authority to their motion. On November 6, 2018, the trial court denied Defendants' motion to dismiss.

{¶ 6} On May 10, 2019, Defendants filed a motion for partial summary judgment. On September 10, 2019, the trial court granted the motion in part, finding that Defendants were entitled to summary judgment on three of Leotta's derivative medical malpractice claims. The court found that genuine issues of material fact remained with respect to Leotta's claim of medical negligence against Mikhail and her claim of vicarious liability against Great Lakes.

{¶ 7} On September 25, 2019, Defendants filed a motion for leave to file a second motion to dismiss. Defendants argued that (1) Leotta had failed to obtain service of process on Mikhail when she refiled her suit in April 2018; (2) because more than a year had passed, this failure of service resulted in a failure to commence the suit against Mikhail; (3) the failure to commence the suit resulted in Leotta's claim against Mikhail being barred by the statute of limitations; and (4) the vicarious liability claim against Great Lakes could not survive without the claim against Mikhail.

{¶ 8} On September 26, 2019, Leotta filed a brief in opposition to the motion to dismiss. The same day, Defendants filed a reply brief in support of their motion. On September 27, 2019, Leotta filed a surreply.

{¶ 9} On October 1, 2019, the court held a hearing on Defendants' motion to dismiss. Following the hearing, the court granted the motion and Leotta's claims were dismissed with prejudice as to all defendants. Leotta appeals, presenting one assignment of error for our review.

**Law and Analysis**

{¶ 10} In Leotta's sole assignment of error, she argues that the trial court erred in dismissing her complaint under Civ.R. 12(B)(5). Specifically, she argues that prior to filing their answer, Defendants moved unsuccessfully to dismiss under Civ.R. 12(B)(6), and they did not then consolidate their Civ.R. 12(B)(5) defense with their first motion to dismiss. According to Leotta, under Civ.R. 12(G) and (H), by failing to consolidate, Defendants waived their right to file a second motion to dismiss asserting a defense under Civ.R. 12(B)(5).

{¶ 11} Generally, a court's ruling under Civ.R. 12(B)(5) is reviewed for an abuse of discretion. *Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 9, citing *Michigan Millers Mut. Ins. Co. v. Christian*, 153 Ohio App.3d 299, 2003-Ohio-2455, 794 N.E.2d 68, ¶ 9 (3d Dist.), citing *Bell v. Midwestern Educational Servs.*, 89 Ohio App.3d 193, 203, 624 N.E.2d 196 (2d Dist.1993). An abuse of discretion implies that the court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Here, Leotta does not dispute that service was not perfected on Dr. Mikhail. Therefore, we need not analyze insufficiency of service of process. Instead,

Leotta argues that Defendants waived the Civ.R. 12(B)(5) defense for insufficient service of process because they did not consolidate it with their initial Civ.R. 12(B)(6) defense. Therefore, according to Leotta, Defendants did not properly raise and preserve the Civ.R. 12(B)(5) defense.

{¶ 13} In response, Defendants argue that they properly preserved their Civ.R. 12(B)(5) defense by raising it in both their initial Civ.R. 12(B)(6) motion to dismiss and in their answer. We agree.

{¶ 14} Civ.R. 12(B) states:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶ 15} Further, Civ.R. 12(H) governs waiver of defenses and objections, stating in relevant part:

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

{¶ 16} Finally, Civ.R. 12(G) provides:

A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.

{¶ 17} In accordance with these rules, the Ohio Supreme Court has held that the defense of insufficiency of service of process can be waived in two ways: (1) if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion, or (2) if there is no such motion, if it is not raised by separate motion or included in the responsive pleading. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 9.

{¶ 18} Therefore, our analysis in this appeal centers on whether Defendants properly included or joined their Civ.R. 12(B)(5) defense in their initial motion to dismiss.

{¶ 19} Leotta argues including a footnote at the bottom of the first page of their initial motion to dismiss was insufficient to conclude that Defendants preserved the Civ.R. 12(B)(5) defense. Further, Leotta correctly points out that the initial motion to dismiss was not a motion to dismiss under Civ.R. 12(B)(5). Leotta asserts that because Defendants were required to "state with particularity" the

grounds upon which they sought dismissal, a cursory reference to Civ.R. 12(B)(5) in a footnote cannot serve to preserve that defense. Civ.R. 7(B) does provide that a "motion" is an application to the court for an order, and that it "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." In Defendants' initial motion to dismiss, they stated with particularity the grounds of the motion — specifically, that Leotta had failed to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).

{¶ 20} Leotta points to no authority for her argument that the foregoing requirement applies in order for a party to preserve a Civ.R. 12(B) defense by "including" it in a motion made on other grounds. The obvious purpose of requiring the assertion of a Civ.R. 12(B) defense by including it in a motion to dismiss or responsive pleading is "to give the other party notice and to allow a ruling on matters that might avoid the necessity for trial." *City Council of Englewood v. Malott*, 2d Dist. Montgomery No. 14986, 1996 Ohio App. LEXIS 3635, 35 (Aug. 30, 1996). Like the defendant in *Malott*, Defendants in this case included their Civ.R. 12(B)(5) defense in both their initial motion to dismiss and their answer. This was adequate to place Leotta on notice. Despite her arguments on appeal, we find no basis for Leotta's assertion that Defendants did not properly preserve their Civ.R. 12(B)(5) defense.

{¶ 21} To the extent that Leotta argues that Defendants' participation in the litigation constitutes waiver of their Civ.R. 12(B)(5) defense, we note that the Supreme Court of Ohio has held that Civ.R. 12(H)(1) does not include a party's

participation in the case as a method of waiver, and a party that has properly asserted and preserved a defense may raise it even after trial has begun. *Gliozzo*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at ¶ 11. As discussed above, Defendants not only preserved their Civ.R. 12(B)(5) defense by including it in their initial motion to dismiss, they raised it in their answer. Leotta could have attempted to perfect service at any point within one year of the filing of the complaint.

{¶ 22} Based on the foregoing, the trial court properly granted Defendants' motion to dismiss under Civ.R. 12(B)(5). Leotta's sole assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS WITH SEPARATE OPINION

MARY EILEEN KILBANE, J., DISSENTING WITH SEPARATE OPINION:

{¶ 24} "[A] basic tenet of Ohio jurisprudence [is] that cases should be determined on their merits and not on mere procedural technicalities." *Barksdale v. Van's Auto Sales*, 38 Ohio St.3d 127, 128, 527 N.E.2d 284 (1988), citing *State v. Herzing*, 18 Ohio St.3d 337, 379, 481 N.E.2d 593 (1985); *Perotti v. Ferguson*, 7 Ohio St.3d 1, 454 N.E.2d 951 (1983); *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 431 N.E.2d 644 (1982). *See also Capital One Bank (USA) NA v. Smith*, 8th Dist. Cuyahoga No. 108669, 2020-Ohio-1614, ¶ 20 ("Our decision comports with the basic tenant in Ohio law that 'whenever possible, cases should be decided on their merits.'"), quoting *Rafalski v. Oates*, 17 Ohio App.3d 65, 67, 477 N.E.2d 1212 (8th Dist.1984).

{¶ 25} With that principle in mind, I respectfully dissent. The majority opinion will potentially allow defendants to avoid the merits of a civil case and disregard the rules of civil procedure by throwing the kitchen sink of waivable defenses into a footnote of a pre-answer dispositive motion without articulating any basis for the defenses listed. That practice would ignore the Rules of Civil Procedure and frustrate the application of substantive law. Accordingly, I would reverse the order of the trial court dismissing Appellant's complaint and remand the matter for further proceedings.

{¶ 26} The determination of the sufficiency of service of process is reviewed for abuse of discretion. *Matteo*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, at ¶ 9. However, it is undisputed in this case that service of process was not sufficient.

Rather, this case asks us to review whether the Civil Rules of Procedure were properly applied. "'The application of a civil rule is a question of law, which we review de novo.'" *Ramsey v. Dash Tree Servs.*, 11th Dist. Lake No. 2019-L-081, 2020-Ohio-2668, ¶ 10, quoting *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 17, citing *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 10AP-941, 2011-Ohio-3314, ¶ 11. *See also Larson v. Larson*, 3d Dist. Seneca No. 13-11-25, 2011-Ohio-6013, ¶ 8 ("Since this case requires the interpretation of a civil rule, it presents a question of law we review de novo."); *Brummitt v. Ohio Mut. Ins. Group*, 6th Dist. Erie No. E-17-014, 2017 Ohio App. LEXIS 4898, 6 (Nov. 9, 2017) ("Moreover, the interpretation of a civil rule presents a question of law, which is reviewed de novo."); *Fry v. Speelman*, 9th Dist. Wayne No. 18AP0012, 2019-Ohio-585, ¶ 8.

{¶ 27} The Rules of Civil Procedure must be fairly and uniformly enforced. "Regardless of how appellants' behavior is characterized, the Ohio Rules of Civil Procedure govern the conduct of all parties equally, and 'we cannot disregard [the] rules to assist a party who has failed to abide by them.'" *Gliozzo*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at ¶ 16, quoting *Bell*, 89 Ohio App.3d at 204, 624 N.E.2d 196. Thus, we must apply the civil rules to Appellant and Appellees equally. The application of the relevant rules of procedure is clear in this case. Appellees waived the defense of insufficient service of process and the complaint should not have been dismissed for insufficient service of process just five days before the trial date.

**{¶ 28}** Read together, Civ.R. 12(B), (G), and (H) plainly state that certain defenses, including insufficiency of service of process, are waived by failure to include them in a pre-answer Rule 12(B) motion. Civ.R. 12(B) permits the following defenses to be raised "at the option of the pleader":

> (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1.

**{¶ 29}** Rule 12(B) further provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." This sentence means that the "waivable defenses [listed in Rule 12(B)] are waived by failure to include them." Staff Note, Civ.R. 12.

**{¶ 30}** Civ.R. 12(G) provides:

> A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.

**{¶ 31}** Civ.R. 12(H) provides, in relevant part:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G)[.]

Civ.R. 12(H)(1)(a).

**{¶ 32}** The parties agree that process had not been served when Appellees filed their first motion to dismiss, which they filed before filing an answer. Yet, the

brief in support of Appellees' first motion to dismiss is six pages long and is exclusively dedicated to arguing that the Appellant's complaint should be dismissed under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The defense of insufficient service of process under Civ.R. 12(B)(5) was never mentioned in the brief.

{¶ 33} Appellees only referred to the Rule 12(B)(5) defense in a footnote to the motion itself. Even in that footnote, the Rule 12(B)(5) defense is just one of six defenses listed. The footnote does not expound on Appellees' basis for listing any of the six defenses.

{¶ 34} Service was to be perfected pursuant to Civ.R. 3(A) no later than April 12, 2019. Appellees filed their second motion to dismiss several months later on September 25, 2019, arguing for the first time that the case must be dismissed pursuant to Civ.R. 12(B)(5) for insufficient service of process. In the second motion to dismiss, Appellees did not claim to have raised or joined insufficient service of process in their first motion to dismiss; they only mentioned that they raised the defense in their subsequent answer. There is no doubt that Appellant should have perfected service, but in this instance, Appellant's neglect does not excuse Appellees' neglect. I would hold that Appellees' footnote failed to join the defense of insufficient service of process and that Appellees therefore waived the defense pursuant to Rules 12(G) and (H).

{¶ 35} Appellees have not identified any case that permits us to find that their nondescript footnote properly joined the defense of insufficient service of

process to their first motion to dismiss, as Rule 12 requires in order to preserve the defense. Appellees first claim that *Gliozzo*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, stands for the proposition that a defense properly raised in a defendant's first responsive pleading preserves that defense. While that is accurate, that is not what happened here.

{¶ 36} In *Gliozzo*, the defendants properly preserved the defense of insufficient process in their answer. They did not file a pre-answer motion under Civ.R. 12(B). Accordingly, the Supreme Court upheld the trial court's decision to later grant the defendants' motion to dismiss for lack of sufficient service. *Gliozzo* at ¶ 18. Here, Appellees raised the defense in their answer, but doing so was too little too late. Unlike the *Gliozzo* defendant, Appellees waived the Civ.R. 12(B)(5) defense by failing to join it to their pre-answer Civ.R. 12(B)(6) motion.

{¶ 37} Appellees also direct us to *Jackson v. United States*, 138 F.R.D. 83, 86 (S.D. Tex. 1991). They overreach in claiming that *Jackson* demonstrates that the mere mention of reserving the defense of insufficient service of process in a footnote was sufficient to join their Rule 12(B)(5) defense to their Rule 12(B)(6) motion.

{¶ 38} In *Jackson*, the defendants' first filing was a non-Rule 12 motion for an extension of time. They attempted to reserve the defense of insufficient service of process in that motion. They later filed an answer that did not raise the insufficiency of service of process defense. Post-answer Fed.R.Civ.P. 12 motions also raised the defense. The Southern District of Texas held that the defendant's first pre-answer, non-Rule 12 motion sufficiently reserved the defense. In so

holding, they relied on another inapplicable case *Panhandle Eastern Pipeline Co. v. Brecheisen*, 323 F.2d 79 (10th Cir.1963), which held that the defendant successfully reserved the defense of insufficient service of process by filing an answer as its first responsive pleading.

{¶ 39} Neither *Jackson* nor *Panhandle* dealt with the situation the instant case presents. Neither case considered whether a Rule 12 pre-answer motion preserved one of the waivable Rule 12(B) defenses. In contrast to those two cases, Appellees filed a pre-answer Rule 12 motion and their fate must be determined by the strictures of Rule 12. As discussed, I would find that Appellees failed to join the Rule 12(B)(5) defense to their Rule 12(B)(6) motion and therefore waived the Rule 12(B)(5) defense pursuant to Rules 12(G) and (H).

{¶ 40} Appellees latch onto language *Jackson* quoted from *Panhandle*, stating, "There is no mandate in the wording of [Federal] Rule 12(b) that requires pleading other than by conclusion[.]" *Jackson* at 86, quoting *Panhandle* at 83. Appellees omit that in *Panhandle*, the Tenth Circuit went on to state, "Of course the blanket and routine pleading of the reservation of special defenses without contention of merit may become an abuse of the spirit of the rule." *Panhandle* at 83, fn. 4. Even disregarding that warning, the former statement does not save Appellees from the waiver provisions of Rule 12. Once again, *Jackson* and *Panhandle* were not dealing with waiver under Rule 12 and therefore have no impact on this case. Neither case expounds on what constitutes "pleading other than by conclusion" in a pre-answer Rule 12 motion.

**{¶ 41}** Even if *Jackson* or *Panhandle* were applicable, it is conceivable that Appellees' footnote defense does not qualify as "pleading other than by conclusion." *Jackson* at 86. I would hold that Appellees never concluded that the complaint was subject to dismissal for failed service by merely listing the defense, among others, in a footnote to a pre-answer dispositive motion devoted to asserting an entirely different defense. They might have done so by first filing an answer that asserted the defense or by specifically moving for dismissal under both Rule 12(B)(5) and Rule 12(B)(6) before answering, but did neither.

**{¶ 42}** Appellees also direct us to *Malott*, 2d Dist. Montgomery No. 14986, 1996 Ohio App. LEXIS 3635, at *35; *Ewert v. Stewart*, 6th Dist. Lucas No. L-00-1120, 2001 Ohio App. LEXIS 1817, 11-13 (Apr. 20, 2001), for the proposition that their footnote preserved the defense because it gave adequate notice to Appellants that Appellees were asserting the insufficient service defense. *Malott* involved a potential waiver of the sovereign immunity defense under Civ.R. 8. It has nothing to do with waiver under Civ.R. 12. *Ewert* held that the insufficient service defense was not waived when it was raised in the defendant's answer that was their first responsive pleading to the complaint. *Ewert* at *9. Like the other cases Appellees rely on, *Ewert* falls outside the realm of Rule 12 and has no impact on the instant case. Moreover, the issue of notice misses the mark. This case asks us whether Appellees complied with Rule 12. They did not and the notion of notice cannot save them.

{¶ 43} Last, Appellees argue that they were not required to join their Rule 12(B)(5) defense to their Rule 12(B)(6) motion because at the time of filing their Rule 12(B)(6) motion, Appellants still had 11 months to perfect service. They claim that insufficient service of process was therefore not a "then available" defense. Civ.R. 12(G). I find this argument to be disingenuous under the circumstances. The defense was available to Appellees as long as service of process had not been perfected, which it had not been when Appellees filed their first motion to dismiss.

{¶ 44} Although Appellants still had 11 months to perfect service when Appellees filed their first motion to dismiss, the defense of insufficient service of process was available to Appellees and they could have preserved the defense in at least two ways. First, by filing an answer as their first responsive pleading and listing the insufficient service as a defense. Second, by raising the defense at some point in their ten-page pre-answer motion to dismiss with a brief explanation of the merits of the defense. Appellees did neither and therefore were not entitled to raise the waived defense a mere five days before the trial date.

{¶ 45} If Appellees were concerned that a 12(B)(5) motion would tip off Appellants to the service problem, they could have conclusively raised the defense in an answer instead of filing a pre-answer 12(B)(6) motion and attempting to preserve the 12(B)(5) defense by hiding it in a footnote among a list of six defenses. They did not join any other defense to their first motion to dismiss. Therefore, I would hold that they waived the waivable defenses enumerated in Rule 12, including

insufficient service of process, and would reverse the trial court's dismissal on those grounds.