**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ackman v. Mercy Health W. Hosp., L.L.C.*, **Slip Opinion No. 2024-Ohio-3159.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3159

ACKMAN, PERSONAL REPRESENTATIVE AND ADMR. OF THE ESTATE OF SOLLMANN, DECEASED, APPELLANT, *v.* MERCY HEALTH WEST HOSPITAL, L.L.C., D.B.A. MERCY HOSPITAL WEST, ET AL.; AHMAD ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ackman v. Mercy Health W. Hosp., L.L.C.*, **Slip Opinion No. 2024-Ohio-3159.]**

*Civil procedure—Service of process—*Gliozzo v. Univ. Urologists of Cleveland, Inc. *reaffirmed—Appellee properly raised and preserved his affirmative defense of insufficiency of service of process, and appellee's active participation in the litigation of the case did not constitute waiver of that defense—Court of appeals' judgment affirming trial court's award of summary judgment to appellee and appellee's employer for lack of proper service affirmed.*

(No. 2023-0975—Submitted April 9, 2024—Decided August 22, 2024.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-220507, 2023-Ohio-2075.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER and DEWINE, JJ., joined. DONNELLY, J., concurred, with an opinion joined by STEWART, J. BRUNNER, J., dissented, with an opinion.

**DETERS, J.**

**{¶ 1}** The administrator of a deceased woman's estate filed a complaint alleging medical malpractice and wrongful death against a doctor, the doctor's employer, a hospital, and Medicare. The doctor and his employer filed an answer that included the affirmative defenses of insufficiency of process and insufficiency of service of process. More than two years after the complaint was filed, the doctor and his employer filed a motion for summary judgment, arguing that the case had not timely commenced, because the doctor had not been served with a copy of the complaint. The administrator opposed summary judgment, contending that the doctor had waived his failure-of-process defense by actively participating in the litigation for over two years. The trial court granted the motion for summary judgment, and the First District Court of Appeals affirmed.

**{¶ 2}** The administrator urges this court to overrule our decision in *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, syllabus, in which we held that "[w]hen the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." We decline to do so and therefore affirm the judgment of the First District.

## BACKGROUND

**{¶ 3}** In September 2019, Janet M. Sollmann died after having been treated months earlier by Muhammad Riaz Ahmad, M.D., at Mercy Hospital West in Cincinnati. On February 21, 2020, Jennifer Ackman, the administrator of Sollmann's estate, filed a complaint against multiple defendants, including Dr.

Ahmad and his employer, Hospitalist Medicine Physicians of Ohio, P.C. ("Hospitalist").[1]  Ackman alleged that Dr. Ahmad and Mercy Hospital West failed to promptly diagnose and treat Sollmann for a stroke.

{¶ 4} Ackman attempted to serve a copy of the complaint on Dr. Ahmad and Hospitalist by certified mail.  Service on Hospitalist was successful on or about February 26, 2020, but Dr. Ahmad was not served, because Ackman had used the wrong address.  On March 13, Dr. Ahmad and Hospitalist filed an answer, which included the affirmative defenses of insufficiency of process and insufficiency of service of process.  About a month later, the Hamilton County clerk of courts filed a service return for Dr. Ahmad and entered the following notation on the docket: "NOTICE TO FRANK J SCHIAVONE AS TO UNDELIVERED SERVICE ON MUHAMMAD RIAZ AHMAD MD SERVICE TYPE: CERTIFIED MAIL SERVICE REASON CODE: VACANT."  (Capitalization in original.)

{¶ 5} Over the next two years, the parties participated in the case by doing such things as attending a case-management conference, filing a joint motion to amend a scheduling order, and appearing for the depositions of certain witnesses.  Throughout this time, Ackman did not perfect service of the complaint on Dr. Ahmad.

{¶ 6} In June 2022, Dr. Ahmad and Hospitalist filed a motion for summary judgment.  They argued that because Dr. Ahmad had not been served with a copy of the complaint, the case had not commenced against him within the statute of limitations.  So, according to them, the claims against Dr. Ahmad and the claims based on Hospitalist's vicarious liability should be dismissed.  Ackman opposed

---

1. Dr. Ahmad and Hospitalist are both appellees in this action.  Mercy Hospital West and Medicare were listed as defendants in the complaint but have not filed a brief or otherwise appeared in this court in this matter.

the motion. In her view, Dr. Ahmad had waived his service defenses[2] by actively participating in the case. The trial court concluded that Dr. Ahmad had not waived his service defenses and found that because Ackman had not served Dr. Ahmad, the case against him had not commenced within the statute of limitations. Dr. Ahmad and Hospitalist were therefore dismissed from the case.

{¶ 7} Ackman appealed to the First District, which affirmed the trial court's judgment. 2023-Ohio-2075, ¶ 25 (1st Dist.). The First District noted that it was "compelled to apply binding precedent" and that it was unable to distinguish the procedural facts of Ackman's case from the procedural facts of *Gliozzo*, 2007-Ohio-3762. 2023-Ohio-2075 at ¶ 9, 11 (1st Dist.). Ackman appealed to this court, and we accepted her sole proposition of law: "A party waives its Civil Rule 12(b)(4) and (5) service defenses through sufficient participation in the litigation." *See* 2023-Ohio-4015.

## ANALYSIS

{¶ 8} Ackman concedes that the trial court and the First District were bound by our precedent in *Gliozzo*. She urges us to overrule that decision and hold that a party's participation in a case may result in a waiver of an insufficiency-of-service-of-process defense. We conclude that *Gliozzo* remains good law.

### Our decision in *Gliozzo* is on all fours with this case

{¶ 9} In *Gliozzo*, a patient sued his doctor and his doctor's medical practice, alleging medical malpractice. *Gliozzo* at ¶ 1. The patient attempted to serve a copy of the complaint on the doctor and the medical practice by certified mail but was unsuccessful. *Id.* at ¶ 2. No further attempt to serve the complaint was ever made.

---

2. Although both defenses—"[i]nsufficiency of process" under Civ.R. 12(B)(4) and "[i]nsufficiency of service of process" under Civ.R. 12(B)(5)—were referred to interchangeably throughout these proceedings, it is clear that the defense at issue here is "[i]nsufficiency of service of process." "Insufficiency of process" refers to noncompliance with Civ.R. 4, while "[i]nsufficiency of service of process" refers to a challenge to the lack of delivery or the way in which notice was delivered. *See* 5B Wright, Miller & Spencer, *Federal Practice and Procedure*, § 1353, at 306-307 (2024). For ease of discussion, we refer to "service defenses" here.

*Id.* The doctor and the medical practice answered the complaint and raised affirmative defenses, including insufficiency of service of process. *Id.* at ¶ 3. Over a year after filing their answer—and after having actively participated in the litigation—the doctor and the medical practice filed a motion to dismiss because service had not been perfected. *Id.* at ¶ 4-5. The trial court granted the motion on the day of trial, concluding that the case had not commenced within the statute-of-limitations period because service had not been perfected. *Id.* at ¶ 4. The Eighth District Court of Appeals reversed the trial court's decision, and we accepted jurisdiction over the appeal of the doctor and the medical practice. *Id.* at ¶ 5-6.

{¶ 10} In our decision reversing the Eighth District's judgment, we noted that Civ.R. 12(H)(1) prescribed how affirmative defenses could be waived, *id.*, 2007-Ohio-3762, at ¶ 8, and explained that "the defense of insufficiency of service of process is waived if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion or, if there is no such motion, if it is not raised by separate motion or included in the responsive pleading," *id.* at ¶ 9. We further stated that Civ.R. 12(H)(1) did not include a party's participation in the case as a method of waiver. *Id.* at ¶ 11.

{¶ 11} We also looked to an earlier case, *First Bank of Marietta v. Cline*, 12 Ohio St.3d 317 (1984), in which this court held that an insufficiency-of-service-of-process defense that had been preserved in a pleading was not waived, even when a motion to dismiss on that basis was not made until after the close of evidence at trial. *Gliozzo* at ¶ 10. And we decided that "[n]othing in the facts [in Gliozzo's case] cause[d] us to reconsider that conclusion" from *Cline*. *Gliozzo* at ¶ 11; *see also Maryhew v. Yova*, 11 Ohio St.3d 154, 155, 159 (1984) (declining to find waiver of an insufficiency-of-service-of-process defense when a defendant twice sought an order for leave to move or plead). Thus, this court held that "when the affirmative defense of insufficiency of service of process is properly raised and

properly preserved, a party's active participation in litigation of a case does not constitute waiver of that defense." *Gliozzo* at ¶ 11.

{¶ 12} The case before us lines up closely with *Gliozzo.* Contrary to the assertion in the dissenting opinion that Dr. Ahmad did not "put[] forward even a single meaningful effort to challenge the lack of service of process," dissenting opinion, ¶ 31. Dr. Ahmad asserted insufficiency of process and insufficiency of service of process in his answer as required by Civ.R. 12(B). Dr. Ahmad did not waive the service defenses in any of the ways described in Civ.R. 12(H)(1). Because Ackman never perfected service of her complaint on Dr. Ahmad, the case against Dr. Ahmad did not commence within the statute of limitations.

## We reaffirm our holding in *Gliozzo*

{¶ 13} Ackman argues that *Gliozzo*, 2007-Ohio-3762, should be overturned and that this court should adopt the approach taken by the United States Court of Appeals for the Sixth Circuit. She maintains that our holding in *Gliozzo* ignores the purpose behind service requirements and fosters gamesmanship by parties. For the reasons that follow, we decline to overrule *Gliozzo*.

{¶ 14} Ackman argues that this court's reading of Civ.R. 12(H)(1) is too narrow. She points out that the rule does not exclude other ways to waive defenses. Noting Civ.R. 12(H)'s similarity to Fed.R.Civ.P. 12(h), Ackman encourages this court to adopt the approach used by the Sixth Circuit. That court has held that a defendant may forfeit a preserved service defense through conduct that gives the plaintiff "a reasonable expectation that the defendant will defend the suit on the merits." (Cleaned up.) *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012). In a more recent case, the Sixth Circuit found that a defendant had not waived her personal-jurisdiction defenses when her lawyer filed a notice of appearance of counsel two weeks before moving to dismiss. *Blessing v. Chandrasekhar*, 988 F.3d 889, 900-901 (6th Cir. 2021). The Sixth Circuit stated, however, that *King* and other Sixth Circuit cases addressing the contours of waiver of a personal-

jurisdiction defense "ha[d] failed to give adequate guidance" to lower courts about whether the filing of a notice of appearance causes a waiver of a personal-jurisdiction defense. *Blessing* at 896. We decline to introduce uncertainty by adding another means of waiving one's defenses to those provided by Civ.R. 12(H).

{¶ 15} Certainty is something our rules provide by placing the burden of perfecting service on the plaintiff. Civ.R. 3(A) makes clear that a civil action is not commenced until service of the complaint is perfected. "The obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation." *Gliozzo* at ¶ 16; *see also Haley v. Hanna*, 93 Ohio St. 49, 52 (1915) (finding that the defendant's awareness of the proceedings did not impart on him an obligation to inform the court or plaintiff of defective service and that the defendant's failure to raise the issue did not constitute a waiver of the service defense).

{¶ 16} Moreover, our view of the history of waiving the service defense supports reaffirming our holding in *Gliozzo*. Before the adoption of the Ohio Rules of Civil Procedure, which became effective on July 1, 1970, the 1853 enactment of Ohio's first Code of Civil Procedure governed waiver of the service defense. *See* 51 Ohio Laws 57, 67 (effective July 1, 1853). Under the former Code of Civil Procedure, a defendant entering an appearance for purposes other than objecting to service waived the service defense. *See id.* ("the voluntary appearance of a defendant . . . is equivalent to service"). A defendant had to enter a "special appearance" in order to object to service without waiving the service defense. *See Maryhew*, 11 Ohio St.3d at 156 ("A special appearance was one made solely for the purpose of objecting to the mode, manner, or absence of the acquisition of jurisdiction over the person of the defendant. In such an appearance, the defendant did not submit to the jurisdiction of the court."); *see also Elliott v. Lawhead*, 43 Ohio St. 171, 176-177 (1885) (discussing generally that if a defendant filed a

motion to dismiss for want of proper service, such motion was not considered a voluntary appearance of the defendant or the equivalent to service).

{¶ 17} However, the adoption of the Civil Rules, which were promulgated under the Modern Courts Amendment of 1968, Ohio Const., art. IV, § 5(B), abrogated the Code of Civil Procedure and its use of "special appearances" to preserve the service defense and its use of the waiver of the service defense by voluntary appearance. Now, Civ.R. 12(H) provides the only methods of waiving service defenses. And as stated above, since the adoption of the Civil Rules, this court has rejected the notion that a service defense may be waived by a defendant's participation in the litigation of a case when that defense is properly raised and preserved. *See, e.g.*, *Maryhew* at 156-159; *Cline*, 12 Ohio St.3d at 318; *Gliozzo*, 2007-Ohio-3762, at syllabus. And there is no reason to depart from this principle now.

{¶ 18} Ackman protests that the purpose of service—notice—was achieved here: Dr. Ahmad could not have participated in the proceedings absent notification that he had been sued. But Ackman's argument discounts the importance of the perfection of service beyond notice to the defendant. Perfection of service within one year of the filing of a complaint is required before a civil action is considered "commenced" under Civ.R. 3(A). *See Moore v. Mt. Carmel Health Sys.*, 2020-Ohio-4113, ¶ 1 ("Civ.R. 3(A) says that an action is 'commenced' at the time it is filed *if* service is obtained within one year." [Emphasis in original.]). And under R.C. 2305.113(A), a medical-malpractice action in Ohio must be "commenced" within one year after the cause of action has accrued. Therefore, perfection of service must take place before determining whether a medical-malpractice action was filed within the statute-of-limitations period. Further, if notice was the only reason for service, our rule allowing the defense of insufficiency of service of process to be asserted in an answer would be illogical because the assertion of that

defense would be proof that the defendant had notice and the defense would necessarily fail.

**{¶ 19}** Ackman attempts to paint the rule from *Gliozzo* as promoting gamesmanship between the parties of a case. And she echoes the concern of the concurring appellate judge below that the holding in *Gliozzo* "turn[s] Civ.R. 1's mandate that the Civil Rules must be interpreted 'to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice' on its head." 2023-Ohio-2075 at ¶ 26 (1st Dist.) (Bergeron, P.J., concurring), quoting Civ.R. 1(B). But it would hardly be just to excuse Ackman's noncompliance with the rules relating to service while penalizing Dr. Ahmad's compliance with the rules relating to waiver.[3] "Regardless of how [the defendant's] behavior is characterized, the Ohio Rules of Civil Procedure govern the conduct of all parties equally, and 'we cannot disregard [the] rules to assist a party who has failed to abide by them.' " (Second bracketed text in original.) *Gliozzo* at ¶ 16, quoting *Bell v. Midwestern Educational Servs., Inc.*, 89 Ohio App.3d 193, 204 (2d Dist. 1993).

**{¶ 20}** The same could be said of the cases Ackman cites in her merit brief as showing the "dispiriting" application of *Gliozzo*. *See Wright v. Mirza*, 2017-Ohio-7183 (1st Dist.); *Leotta v. Great Lakes Pain Mgt. Ctr.*, 2020-Ohio-4995 (8th Dist.); *Beck v. Lally*, 2020-Ohio-4305 (8th Dist.); *Suiter v. Karimian*, 2015-Ohio-3330 (9th Dist.); *Moore*; *Clawson v. Hts. Chiropractic Physicians, L.L.C.*, 2022-Ohio-4154. In each of those cases, dismissal for insufficiency of service of process could have been avoided had the plaintiff or plaintiffs perfected service in accordance with the Civil Rules. As this court noted in *Gliozzo*, "[w]hether appellants' conduct constituted gamesmanship or good litigation strategy, they

---

3. The dissent suggests that Dr. Ahmad's participation in the proceedings provided just reason for Ackman not to comply with the rules for service of the complaint. *See* dissenting opinion at ¶ 31. But the Civil Rules do not excuse compliance with service requirements based on the opposing party's participation. *See* Civ.R. 3(A).

followed the rules. If such behavior should not be permitted in the future, the proper avenue for redress would be to seek to change those rules." *Gliozzo*, 2007-Ohio-3762, at ¶ 17.[4]

## CONCLUSION

{¶ 21} We decline to overrule our holding in *Gliozzo*. Dr. Ahmad properly preserved his insufficiency-of-service-of-process defense, and Ackman never perfected service of her complaint on Dr. Ahmad. The trial court properly dismissed the claims against Dr. Ahmad and Hospitalist. We therefore affirm the judgment of the First District Court of Appeals.

Judgment affirmed.

_____

**DONNELLY, J., joined by STEWART, J., concurring.**

{¶ 22} I join the majority's decision to affirm the judgment of the First District Court of Appeals, which upheld the trial court's granting summary judgment to Hospitalist Medicine Physicians of Ohio, P.C. ("Hospitalist") and Muhammad Riaz Ahmad, M.D. Majority opinion, ¶ 21. As the majority opinion sets out, the Civil Rules and our precedent permit what happened here. Yet I am sympathetic to the concerns raised in the dissenting opinion about the unjust results that might flow from this court's interpretation of the Civil Rules. Dissenting opinion, ¶ 31. I write separately, therefore, to express my concerns.

{¶ 23} The Civil Rules provide a comprehensive system for the assertion and resolution of the affirmative defenses at issue. To commence a civil action, a plaintiff must file a complaint in the appropriate court and serve the complaint on the defendant within one year of the complaint's filing date. R.C. 2305.17; Civ.R. 3(A). The responsibility of ensuring that service is perfected rests solely on the

_____

4. That in the 17 years since our decision in *Gliozzo*, Civ.R. 12(H) has not been amended to include participation in a case as a means of waiving a defense is of no import to the dissent, who would change the rule by judicial fiat rather than by the well-established method laid out in Ohio Const., art. IV, § 5(B).

shoulders of the plaintiff or her attorney of record. Civ.R. 4.6(E). If the plaintiff fails to perfect service of the complaint on the defendant, then the defendant may raise "insufficiency of process" and "insufficiency of service of process" as affirmative defenses to the plaintiff's claims.[5] Civ.R. 12(B)(4) and (5). To invoke the service defenses, a defendant must assert them in either a motion to dismiss or a responsive pleading. Civ.R. 12(B). Conversely, a defendant waives the service defenses if the defendant fails to assert them through either of the methods set out in the Civil Rules. Civ.R. 12(H)(1).

{¶ 24} I believe that the straightforward application of the Civil Rules to the undisputed facts here dictates the result of this appeal. Jennifer Ackman filed a complaint in the common pleas court, but she failed to perfect service on Dr. Ahmad. And that failure to perfect service was noted on the trial court's docket. In short, Ackman failed in her obligations to commence the civil action against Dr. Ahmad under the Civil Rules. *See* Civ.R. 3(A) and 4.6(E). For their part, Dr. Ahmad and Hospitalist complied with the requirements that the Civil Rules placed on them. They filed an answer in which they asserted the service defenses. Then, before trial, they requested and were granted summary judgment because Ackman had failed to perfect service, meaning the case against Dr. Ahmad had not commenced within the statute of limitations.[6] *See* R.C. 2305.113(A) (requiring a medical-malpractice action to be commenced within one year of the cause of action's accrual).

{¶ 25} At bottom, Dr. Ahmad complied with the Civil Rules and Ackman did not. I do not believe that we should punish Dr. Ahmad (or any litigant) for

---

5. To maintain consistency with the majority opinion, I follow its use of "service defenses" to refer to the defenses available under Civ.R. 12(B)(4) and (5).

6. While there was no allegation that Ackman failed to perfect service of the complaint on Hospitalist, all of Ackman's claims against Hospitalist were based on vicarious liability stemming from the latter's employment of Dr. Ahmad. Thus, once Ackman failed to commence a civil action against Dr. Ahmad, there was no basis for her claims against Hospitalist.

doing what the rules allow him to do, especially when such an outcome would favor a party that did not follow the Civil Rules and that failed to properly commence a civil action. Punishing Dr. Ahmad here would undermine the standards of fairness that should underpin the resolution of disputes through civil litigation.

{¶ 26} That said, the result here is far from perfect. Courts are to construe and apply the Civil Rules in a way that "effect[s] just results." Civ.R. 1(A). And while this is a just result for Dr. Ahmad, it is less so for Ackman. Let's be blunt: parties defending a civil action often assert every defense available in their responsive pleadings, irrespective of whether those defenses apply to the circumstances of a given case. And it smacks of gamesmanship when a party invokes the service defenses as a matter of course, participates in the litigation until after the statute of limitations has expired, and then receives a favorable disposition based solely on the procedural error of its opponent. While that behavior does not violate the Civil Rules, it does affront the goals and values of the civil-justice process. Courts are to resolve cases on the merits rather than "on the basis of mere technicalities." *Hardesty v. Cabotage*, 1 Ohio St.3d 114, 117 (1982). And there is a serious problem when the rules governing civil litigation provide a loophole by which canny litigants may ensure a substantive disposition based solely on technical violations.

{¶ 27} But this court issuing an opinion in which we ignore the language and structure of the Civil Rules is not the appropriate means for closing that loophole. Rather, this case shows that it is time for us to ask the Commission on the Rules of Practice and Procedure to determine whether the rules governing the service defenses should be revised to prevent gamesmanship. Until that revision occurs, our decisions here and in *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, will permit the use of the Civil Rules for ignoble ends.

———————————

**BRUNNER, J., dissenting.**

**{¶ 28}** I would overrule our decision in *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, and reverse the judgment of the First District Court of Appeals. *Gliozzo* establishes a bright-line rule that "[w]hen the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." *Id.* at syllabus. The majority observes that this rule provides litigants with a degree of certainty concerning the defense of insufficiency of service of process. *See* majority opinion, ¶ 14-15. I agree as a general matter that certainty in the application of a rule is good, but the benefits of that certainty are diminished when the application of the rule facilitates waste and unjust results.

**{¶ 29}** This case is a good example of how applying the rule from *Gliozzo* leads to both waste and unjust results. Appellee Dr. Muhammad Riaz Ahmad clearly had notice of the suit through his employer, appellee Hospitalist Medicine Physicians of Ohio, P.C. And over the next two years, Dr. Ahmad substantially participated in the case, including by participating in discovery and even taking the deposition of appellant, Jennifer Ackman. Through all of that, Dr. Ahmad did not make a meaningful effort to have the case dismissed for lack of service of process. It was only when the statute of limitations had passed—and after significant time, effort, and presumably also money had been expended by the parties and the court—did he meaningfully assert his service-of-process defense by raising it in a summary-judgment motion. As Judge Bergeron put it in his concurring opinion below, "[f]or those who would complain about our civil justice system as being too slow, too expensive, and too reliant on technicalities, this case is Exhibit A." 2023-Ohio-2075, ¶ 25 (1st Dist.) (Bergeron, P.J., concurring).

**{¶ 30}** We have a simple and well-established tool at our disposal to prevent both waste and unjust results: the principle of forfeiture. Courts have long recognized that a litigant's conduct during litigation may cause the forfeiture of

certain rights. *See, e.g.*, *Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."). The federal courts have also applied this principle in cases like the present one: "Even where a defendant properly preserves [an insufficiency-of-service-of-process] defense [under Fed.R.Civ.P. 12(b)] by including it in an answer, he may forfeit the right to seek a ruling on the defense at a later juncture through his conduct during the litigation." *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012). In my view, adopting this forfeiture rule as a matter of Ohio law would reduce the waste and risk of unjust results facilitated by *Gliozzo*.

**{¶ 31}** The majority ignores the waste of government and private resources engendered by the rule of *Gliozzo*. It also disagrees that *Gliozzo* facilitates unjust results, stating instead that "it would hardly be just to excuse Ackman's noncompliance with the rules relating to service while penalizing Dr. Ahmad's compliance with the rules relating to waiver." Majority opinion at ¶ 19. This unsupported proclamation makes no coherent sense. As *King* explains, a defendant's active participation in a case matters because it gives the plaintiff a "'reasonable expectation that [the defendant will] defend the suit on the merits.'" *King* at 660, quoting *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011). Here, Dr. Ahmad actively participated in the case for nearly two years, including by participating in discovery *and even taking the plaintiff Ackman's deposition*—all without putting forward even a single meaningful effort to challenge the lack of service of process. His conduct, or lack thereof, *caused* Ackman to reasonably believe that he intended to defend the suit on the merits. This supplies a just reason for Ackman's failure to perfect service of the complaint on Dr. Ahmad.

**{¶ 32}** For these reasons, I would overrule our decision in *Gliozzo*, hold that a defendant's active participation in litigation causes the defendant to forfeit an

insufficiency-of-service-of-process defense, and reverse the decision of the First District Court of Appeals.  I therefore respectfully dissent.

_____

Joseph A. Cesta; Colleen M. Hegge; and F. Joseph Schiavone Co., L.P.A., and Frank J. Schiavone III, for appellant.

Bricker Gaydon, L.L.P., Anne Marie Sferra, and Karin M. Long; and Calderhead, Lockemeyer & Peschke Law and Joshua F. DeBra, for appellees.

Beausay & Nichols Law Firm and Jacob J. Beausay, urging reversal for amicus curiae Ohio Association for Justice.

Reminger Co., L.P.A., and Thomas N. Spyker, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.

_____