DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas which granted summary judgment to appellees, Patrick J. Heider, et al. ("Heiders"), in this quiet title and adverse possession action. For the reasons stated herein, this court reverses in part and affirms in part the judgment of the trial court.
 {¶ 2} Appellants, Mary Ann Robon and Country Estates of Wood County, ("the Robon family"), set forth three assignments of error. In their first assignment of error, appellants argue that the trial court erred in granting summary judgment on a ground not argued by the Heiders in their motion for summary judgment. This court finds merit in this assignment of error.
 {¶ 3} In Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, the Ohio Supreme Court held that a party moving for summary judgment is required to "specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party with a meaningful opportunity to respond." See, also, Intagliata v. Lightning Rod MutualIns. Co. (Dec. 11, 1992), 6th Dist. No. L-92-112 (reversed when summary judgment granted on coverage provisions when only which policy limits were applicable argued); Short v. Celestino (June 21, 1996), 6th Dist. No. L-95-251, dis. appeal not allowed, 77 Ohio St.3d 1491 (reversed when summary judgment granted because parties not "covered persons" under policy when only limits of coverage argued); Davis v. Churchill'sSupermarkets, Inc., (Aug. 23, 1996), 6th Dist. No. L-96-033 (reversed when summary judgment granted because plaintiff failed to present evidence that defendant had sufficient notice of condition that led to accident when defendant never presented any argument to trial court on this issue); Palmer v. Leizerman (Aug. 1, 1997), 6th Dist. No. L-96-341(reversed when trial court granted summary judgment on ground that count alleged fraud and was untimely filed when defendants' sole argument was that count alleged malpractice); Eller v. ContinentalInvest. Partnership, 151 Ohio App.3d 729, 2003-Ohio-894, at ¶ 15-16
(reversed when trial court granted summary judgment on ground that zero value estimate was undisputed when issue of value was not raised by moving party in its motion).
 {¶ 4} Here, the trial court granted summary judgment on a basis that appellees did not "specifically delineate." In its judgment entry, the trial court stated it could not grant appellees' summary judgment motion on the doctrine of adverse possession. The trial court proceeded to decide the summary judgment motion on the basis of boundary law, an area of law that had not been argued by appellees as required by Mitseff and the cases cited from this court. In so granting the motion on a ground not argued by appellees, appellants were not afforded a meaningful opportunity to respond.
 {¶ 5} Accordingly, appellants' first assignment of error is found well-taken.
 {¶ 6} In their second assignment of error, appellants argue that that the trial court erred in granting summary judgment when disputed issues of material fact exist. Our decision as to the first assignment of error renders appellants' second assignment of error moot.
 {¶ 7} In their third assignment of error, appellants argue that the trial court abused its discretion by not allowing them additional time to respond to appellees' motion for summary judgment. Specifically, appellants maintain that the trial court erred in not granting additional time to obtain three depositions in order to contest the factual allegations included within the summary judgment motion.
 {¶ 8} The trial court has discretion in granting or denying a motion for continuance to respond to a motion for summary judgment. Gates MillsInvestment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 169. An abuse of discretion is more than an error in judgment; it implies an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Focke v. Focke (1992), 83 Ohio App.3d 552,555. Applying this standard, this court can not find that the trial court abused its discretion.
 {¶ 9} Accordingly, appellants' third assignment of error is found not well-taken.
 {¶ 10} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings according to law and consistent with this decision. Costs of this case are jointly assessed to appellants and appellees.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J. concur.
Mark L. Pietrykowski, J., dissents.