PATTERSON et al., Appellants,

v.

AHMED et al., Appellee.

[Cite as *Patterson v. Ahmed,* 176 Ohio App.3d 596, 2008-Ohio-362.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1142.

Decided Jan. 18, 2008.

Lawrence J. Buckfire, for appellants.

Robert B. Holt Jr. and Janet Callahan Barnes, for appellee.

SINGER, Judge.

{¶ 1} Appellants appeal a summary judgment awarded by the Lucas County Court of Common Pleas in favor of a landlord in a suit alleging injury from lead-paint poisoning. For the reasons that follow, we reverse.

{¶ 2} Appellants are Deidre Patterson and her children, Tiarra Booker and Shaniece Kirk. In 1996, appellants moved into a rental home at 304 Hillwood in Toledo. The home was owned by appellee, Sajjad Ahmed.[1] Appellants remained in the Hillwood home until 2000.

{¶ 3} Shortly after occupying appellee's property, Shaniece, then four, and Tiarra, then approximately five months old, registered high levels of lead in routine blood screens. According to appellants, Tiarra's lead level of 11 micrograms per deciliter ("ug/dl") on December 16, 1996, and Shaniece's level of 12 ug/dl on July 11, 1996, are sufficient to be classified as lead poisoning in standards promulgated by the Centers for Disease Control.

{¶ 4} Appellants believe that the source of the lead in the children's bodies was paint chips from the windows in the 90–year–old Hillwood house. According to an affidavit filed by appellant Patterson, when she discovered peeling and chipping paint in the house, she requested appellee to remove or repaint the deteriorating surfaces. Appellant Patterson avers that appellee promised remediation, but delayed action until pressured by the city housing authority.

{¶ 5} On January 12, 2006, appellants sued appellee, alleging that appellee knew or should have known of the presence of lead paint in the Hillwood house and that children susceptible to harm by lead paint would be occupying the structure. Appellants asserted that appellee's failure to adequately abate the dangerous condition breached numerous common-law and statutory duties to appellants, resulting in injury to the minor children.

{¶ 6} Appellee answered, denying liability. Following initial discovery, appellee moved for summary judgment, suggesting that appellants could not show that he had notice of any defective condition in the premises, nor could appellants produce evidence that there, in fact, was a lead hazard in the house during their tenancy.

{¶ 7} Appellants responded, directing the court's attention to appellee's deposition testimony that he has owned at least 18 rental units, many rented through federally subsidized programs, was a licensed realtor in the 1990s and possesses a

---

1. Appellee's wife, Thira Ahmed, was dismissed from the suit at the trial level.

bachelor's degree in mathematics. Appellants argued that with this educational foundation and sophistication in real estate, appellee should well be aware of the danger of lead paint in older houses, which, according to a study by the Department of Housing and Urban Development submitted by appellants, exists in 91 percent of all Midwest homes built prior to 1940. With respect to evidence that the Hillwood house contained lead paint, appellants submitted a report of an inspection of the property conducted by an expert who found peeling or cracked lead-based paint on surfaces throughout the house.

{¶ 8} On consideration, the court declined to address either the issue of notice or the existence of lead paint at Hillwood. Instead, the court found that appellants had presented no evidence that the paint in the Hillwood house was the proximate cause of the children's injury or, for that matter, that the children were, in fact, injured. Since appellant had failed to present evidence sufficient to create a triable question of fact on the essential elements of causation or injury, the court concluded, appellee was entitled to judgment as a matter of law. The court awarded appellee summary judgment. From his judgment, appellants now bring this appeal.

{¶ 9} Appellants set forth the following single assignment of error:

{¶ 10} "The trial court committed reversible error when, it dismissed Plaintiff's cause of action under Civ. R. 56, based solely on the issues of proximate cause and damages, when the issues were raised sua sponte by the trial court, were expressly not raised by Defendant in his motion for Summary Judgment and where Plaintiff was not provided any reasonable opportunity to properly address the new issues."

{¶ 11} When reviewing an award of summary judgment, appellate courts employ the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when it is demonstrated:

{¶ 12} "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 13} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought. Such specificity is necessary "in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. When a

properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 463 N.E.2d 1246.

{¶ 14} It is reversible error to award summary judgment on grounds not specified in the motion for summary judgment. *Heider v. Heirs of Bernot*, 6th Dist. No. WD–03–073, 2004-Ohio-3449, 2004 WL 1468338 (trial court based summary judgment not on adverse possession, as argued, but on boundary law); *Intagliata v. Lightning Rod Mut. Ins.* Co. (Dec. 11, 1992), 6th Dist. No. L–92–112, 1992 WL 365163 (reversed when summary judgment granted on coverage provisions when only which policy limits were applicable argued); *Short v. Celestino* (June 21, 1996), 6th Dist. No. L–95–251, 1996 WL 339925 (reversed when summary judgment granted because parties not "covered persons" under policy when only limits of coverage argued); *Davis v. Churchill's Supermarkets, Inc.* (Aug. 23, 1996), 6th Dist. No. L–96–033, 1996 WL 475882 (reversed when summary judgment granted because plaintiff failed to present evidence that defendant had sufficient notice of condition that led to accident when defendant never presented any argument to trial court on this issue); *Palmer v. Leizerman* (Aug. 1, 1997), 6th Dist. No. L–96–341, 1997 WL 440905 (reversed when trial court granted summary judgment on ground that count alleged fraud and was untimely filed when defendants' sole argument was that count alleged malpractice); *Eller v. Continental Invest. Partnership*, 151 Ohio App.3d 729, 2003-Ohio-894, 785 N.E.2d 802, ¶ 15–16 (reversed when trial court granted summary judgment on ground that zero value estimate was undisputed when issue of value was not raised by moving party in its motion).

{¶ 15} In this matter, although appellee made allusion to a lack of proof of damage or causation, he "accept[s] as unrebutted Plaintiff's assertion that the 'injury' occurred." Moreover, in a footnote in his argument, appellant expressly states that "in the areas of proximate cause and damages, * * * we aren't addressing those in this motion."

{¶ 16} A passing allusion to a contested element is not sufficient to delineate it with specificity as the basis for a motion for summary judgment. Moreover, when a party expressly excludes from consideration elements that might be contested, it is not unreasonable for the responding party to rely on that exclusion when fashioning a response.

{¶ 17} The trial court erroneously granted summary judgment on the basis of matters not specifically delineated in the moving party's motion. Accordingly, appellants' sole assignment of error is well taken.

{¶ 18} On consideration, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to that court for further proceedings consistent with this decision.

Judgment reversed.

HANDWORK and SKOW, JJ., concur.