[Cite as *Wright v. Mirza*, 2017-Ohio-7183.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RACHEL WRIGHT, | : | APPEAL NO. C-160734 |
| and | : | TRIAL NO. A-1501800 |
| ALICIA WISE-DAVIS, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| FAROOQ A. MIRZA, M.D., | : | |
| Defendant-Appellee, | : | |
| and | : | |
| CLARENCE E. LAMB, JR., | : | |
| CLARENCE E. LAMB, JR., M.D., INC., | : | |
| STEPHANIE FREEMAN, M.D., | : | |
| ADAM NICKEL, D.O., | : | |
| BETHESDA HOSPITAL, INC., | : | |
| and | : | |
| TRIHEALTH, INC., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 11, 2017

*Schachter, Hendy and Johnson* and *Penny Unkraut Hendy*, for Plaintiffs-Appellants,

*Calderhead, Lockemeyer & Peschke*, *David S. Lockemeyer* and *Stephanie P. Franckewitz*, and *Montgomery, Rennie & Jonson*, *George D. Jonson* and *G. Todd Hoffpauir*, for Defendant-Appellee.



**MILLER, Judge.**

{¶1}    Rachel Wright and Alicia Wise-Davis ("appellants") appeal from the trial court's entry of summary judgment dismissing Dr. Farooq A. Mirza from appellants' medical malpractice and wrongful death action for lack of proper service.  We affirm.

{¶2}    Appellants originally brought their lawsuit in 2011.  They voluntarily dismissed their complaint on April 9, 2014, under Civ.R. 41(A).  Pursuant to R.C. 2305.19, the savings statute, appellants refiled their complaint on April 2, 2015. They attempted to serve Dr. Mirza by certified mail at a business address appellants found on the Ohio Medical Licensure Board's website.  Service failed.  Appellants' counsel claimed she did not receive notice of failed service from the clerk.  However, she became aware that service had failed after reviewing the court's docket.  Next, appellants requested certified mail service at The Jewish Hospital—an address also found on the Ohio Medical Licensure Board's website, which listed, apparently erroneously, Dr. Mirza as a supervising physician to a physician's assistant at The Jewish Hospital.  A notice of delivery was signed, but the certified mail envelope was later marked "return to sender" and was returned to the Hamilton County Clerk's office. The clerk sent appellants' counsel a notice of failure of service on May 22, 2015.  The failure of service was docketed.  There were no further attempts to serve Dr. Mirza.

{¶3}    On May 27, 2015, after counsel had been notified that service had failed and more than ten months before appellants' deadline to perfect service, Dr. Mirza answered appellants' complaint, raising, inter alia, the affirmative defense of insufficiency of service of process.  On March 28, 2016, Dr. Mirza filed his expert witness disclosure.  He listed himself as an expert but did not specify an address for himself.

{¶4} Dr. Mirza later moved for summary judgment on the issue of insufficiency of service of process. He submitted an affidavit to the court stating that he closed his Auburn Avenue office in March of 2014. He also stated that he had never had a business office at The Jewish Hospital and had resigned his privileges from Mercy Health Systems, of which The Jewish Hospital was a part, in March 2014. Dr. Mirza submitted a second affidavit to the court stating that he had never been served, and that he had resided at the same address in Cincinnati for 29 years. Following briefing and arguments by the parties, the trial court dismissed the claims against Dr. Mirza.

{¶5} In their sole assignment of error, appellants contend that the trial court erred by dismissing Dr. Mirza from their lawsuit for lack of proper service of process. We review the granting of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Grafton*; *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶6} Appellants first argue that due process had been met by their attempts at service, and therefore, the trial court acquired personal jurisdiction over Dr. Mirza.

{¶7} In pertinent part, Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." Attempted service satisfies the notice requirement of due process when it is "reasonably calculated" to appraise parties of the pendency of an action. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio

4

St.2d 403, 406, 406 N.E.2d 811 (1980); *Cincinnati v. York Rite Bldg. Assn.*, 164 Ohio App.3d 591, 2005-Ohio-6771, 843 N.E.2d 250, ¶ 10 (1st Dist). The Ohio Supreme Court has cautioned that residential service is preferred over service at a business address because residential service is more likely to succeed. *Swinehart* at 406. However, certified mail service sent to a business address comports with due process provided "circumstances are such that successful notification could be reasonably anticipated." *Id.* In *Swinehart*, affidavits submitted to the court demonstrated that appellee "only sporadically visited the business where service was attempted, usually two or three times per month." *Id.* at 407. The court determined that "[s]ervice at this business address under these circumstances simply does not comport with due process." *Id.*

{¶8} Appellants claim that service was "reasonably calculated" to appraise Dr. Mirza of the pendency of their action because Dr. Mirza had indicated at his deposition in their previous voluntarily dismissed action that the Auburn Avenue address was his correct business address. They further claim that, because Dr. Mirza never supplemented his deposition testimony with a new address, it was reasonable for them to serve Dr. Mirza at Auburn Avenue. We are unpersuaded by this argument.

{¶9} "After its voluntary dismissal, an action is treated as if it had never been commenced." *Zimmie v. Zimmie* 11 Ohio St.3d 94, 95, 464 N.E.2d 142 (1984). So, even assuming, arguendo, that Dr. Mirza had a duty in the dismissed action to supplement his deposition testimony with a new address, any such obligation did not extend to the subsequently filed action. *See Austin v. White Castle Sys., Inc.*, 10th Dist. Franklin No. 12AP-1029, 2013-Ohio-5107, ¶ 11 (holding that any alleged representations made by appellee's counsel relating to service of pleadings in a voluntarily dismissed action had no bearing on the refiled complaint). Appellants did not request Dr. Mirza provide

them with a current address in the present case even after they had notice that service had failed.

{¶10} Appellants next contend that service at each business address was "reasonably calculated" to apprise Dr. Mirza of the pending action because each address appeared on the Ohio Medical Licensure Board's website. They argue that because Dr. Mirza had a duty under R.C. 4731.281(G)(1) to update his business address with the Ohio Medical Board, service was reasonably calculated to reach him. We disagree.

{¶11} The website contained a disclaimer that the information was "provided as a public service and no user may claim detrimental reliance thereon." More significant to our analysis, however, is the undisputed fact that Dr. Mirza had not maintained a business office at the Auburn Avenue location for over a year, and had never had a business office at The Jewish Hospital. In accordance with *Swinehart*, service at these business addresses was not reasonably calculated to apprise Dr. Mirza of the pending action.

{¶12} Finally, appellants claim that Dr. Mirza intentionally frustrated service, and that he should be equitably estopped from raising the defense of insufficiency of process. They point to Dr. Mirza's failure to update his business address on the Ohio Medical Licensure Board's website and failure to supplement his deposition testimony. They also claim that Dr. Mirza attempted to frustrate service by not listing his address in his disclosure of expert witnesses, filed with the court.

{¶13} "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.,* 71 Ohio St.3d 26, 34, 641 N.E.2d 188 (1994). The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of

6

justice. *Ohio State Bd. of Pharmacy v. Frantz*, 51 Ohio St.3d 143, 145, 555 N.E.2d 630 (1990).

{¶14} This doctrine does not apply. Dr. Mirza did not induce appellants to believe that his business address was on Auburn Avenue or at The Jewish Hospital. In Dr. Mirza's answer to appellants' complaint, he raised the affirmative defense of insufficiency of service of process. This answer was filed more than ten months before appellants' service deadline and after appellants had notice that both of their attempts at service had failed. Further, Dr. Mirza had lived at the same address in Cincinnati, Ohio for 29 years. There is absolutely no evidence in the record that Dr. Mirza had attempted to hide his residential address from appellants. Appellants never requested that Dr. Mirza provide his address in the present action.

{¶15} Accordingly, we overrule appellants' sole assignment of error. The trial court properly dismissed the complaint as to Dr. Mirza for lack of service. The judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.