[Cite as *State v. Hernandez*, 2020-Ohio-5496.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190698 |
| | | TRIAL NO.   B-9704868A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| JOSE HERNANDEZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 2, 2020

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, *Melynda J. Machol,* Assistant Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*McKinney & Namei Co., L.P.A.,* and *Sarah C. Larcade*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}   In January 1998, defendant-appellant Jose Hernandez pled guilty to repeatedly raping his stepdaughter and entered into an agreed sentence of five to 25 years in prison.  In July 2019, he filed a motion to withdraw his guilty plea and/or vacate his conviction on the basis that the trial court failed to advise him of the possible immigration-related consequences of his plea.  The trial court denied the motion.

{¶2}   He has appealed, arguing in one assignment of error that the trial court erred in denying his motion since no R.C. 2943.031 advisement was given at the time of his plea.  For the reasons discussed below, we overrule the sole assignment of error and affirm the judgment of the trial court.

### *The R.C. 2943.031 Advisement*

{¶3}   Trial courts are required to advise a defendant of possible immigration consequences before accepting a guilty plea, unless the defendant states on the record or in writing that he is a United States citizen.  R.C. 2943.031(B).

(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest,

when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

\* \* \*

(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

R.C. 2943.031.

{¶4} The state concedes that the four factors listed in R.C. 2943.031(D) have been met, but argues that Hernandez's motion to withdraw his guilty plea was properly denied because he failed to demonstrate prejudice and the motion was untimely.

{¶5} An appellate court reviews a trial court's decision on a motion to withdraw a plea pursuant to R.C. 2943.031 under an abuse-of-discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32. "The exercise of discretion we discuss applies to the trial court's decision on *whether* the R.C. 2943.031(D) elements have been established (along with the factors of

3

timeliness and prejudice discussed below), not generally to the trial court's discretion once the statutory provisions have been met." (Emphasis sic.) *Id.* at ¶ 34.

{¶6} Despite the fact that the General Assembly did not include a timeliness provision in R.C. 2943.031, the *Francis* court held that the timeliness of the defendant's motion to withdraw his guilty plea should be considered. *Id.* at ¶ 40. The court stated:

> The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time.

*Id.*

{¶7} The *Francis* court held that in weighing untimeliness, a court must consider the facts of the case, such as when the immigration-related consequences of the plea became known to the defendant. *Id.* at ¶ 42.

{¶8} Hernandez contends that *Francis* did not state that timeliness should be considered in all circumstances. Rather, Hernandez contends that timeliness only becomes a consideration if there was *some* advisement regarding immigration consequences given at the plea hearing. Since there was no advisement given at his plea hearing, Hernandez argues that timeliness is not a factor that should be considered.

{¶9} The state agrees that the trial court did not provide any immigration advisement whatsoever at the plea hearing. The state does not argue, and we do not find, substantial compliance, as there was *no* compliance by the trial court. Nevertheless, the state contends that timeliness is a factor we must consider even though the trial court did not give any immigration advisement.

{¶10} We agree with the state that *Francis* made timeliness a factor, even for cases in which no advisement was given. While the facts of *Francis* demonstrated that some advisement was given, the court clearly stated that "[t]imeliness of the motion is just one of many factors that the trial court should take into account when exercising its discretion in considering whether to grant the motion." *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 40. Chief Justice Moyer's concurrence seems to read the majority opinion similarly when he argued that the "holding * * * violates the plain language of R.C. 2943.031(D) * * * [because] timeliness of the filing of the motion is not among the statutory criteria." *Id.* at ¶ 59-60. The Chief Justice wrote, "While the state's interest in finality is undeniable, we should not use the protection of that interest as a justification for disregarding the plain language of a statute." *Id.* at ¶ 64.

{¶11} Several other courts of appeals have agreed with our interpretation of *Francis. See, e.g., State v. Walker*, 2017-Ohio-511, 78 N.E.3d 922, ¶ 18 (10th Dist.) ("Other courts addressing *Francis* have found that timeliness is a factor to consider even when a trial court did not give any immigration advisement."); *State v. Alonzo*, 3d Dist. Seneca No. 13-15-26, 2016-Ohio-160, ¶ 19 ("[e]ven assuming arguendo that the record supports Alonzo's claim that the advisement was not given to him, the withdrawal of the plea is not automatic simply because the court failed to give the

R.C. 2943.031(A) advisement."); *State v. Lein*, 8th Dist. Cuyahoga No. 103954, 2016-Ohio-5330, ¶ 14 (defendant's 20-year delay in filing a motion to withdraw his plea rendered it untimely even where the R.C. 2943.031(A) advisement was presumed not given); *State v. Reyes*, 12th Dist. Butler Nos. CA2015-06-113, CA2015-06-114 and CA2015-06-115, 2016-Ohio-2771, ¶ 24, ("based upon the particular circumstances of a case, a trial court may deny a motion to withdraw a plea filed pursuant to R.C. 2943.031(D) solely on the basis of timeliness.").

{**¶12**} Hernandez points us to *State v. Kona*, 148 Ohio St.3d 539, 2016-Ohio-7796, 71 N.E.3d 1023, ¶ 41, where the court held that since no R.C. 2943.031(A) advisement was given, the trial court erred in not granting the defendant's motion to withdraw his guilty plea. However, the issue in *Kona* was whether the defendant's admission of facts sufficient to establish guilt as part of a pretrial diversion program invoked the advisement requirement of R.C. 2943.031(A). *Id.* at ¶ 1. Timeliness was not raised by the state and was not discussed by the court. *See id.* at ¶ 13. Therefore, we cannot find that *Kona* either expressly or impliedly overruled *Francis*.

{**¶13**} As an intermediate appellate court, we are, of course, bound to follow Supreme Court precedent. *See Reyes* at ¶ 21 ("It is axiomatic that a court of appeals must follow established Ohio Supreme Court precedent."). Therefore, despite the fact that R.C. 2943.031(D) mentions nothing about timeliness, we find that pursuant to *Francis*, timeliness is a factor that must be considered in this case.

{**¶14**} In his motion to withdraw his guilty plea, Hernandez claimed that (1) when he pled guilty he was under the impression that he would not be deported as a result of his plea; (2) the Ohio Parole Board was under the impression that he would

6

not be deported; and (3) the delay in filing his motion from December 2016 to July 2019 was due to his attorney, not him.

{¶15} First, there is abundant evidence demonstrating that although Hernandez was not read the R.C. 2943.031(A) advisement at his plea hearing, he was aware of the immigration-related consequences of his plea well before December 2016. At the plea hearing, defense counsel stated, and Hernandez agreed, that they had spent "a lot of time * * * many hours" going over his guilty plea. Then, the following exchange occurred:

THE COURT: Are there any other underlying agreements upon which the proposed plea is based other than what has been stated for the record?

DEFENSE COUNSEL: There is not. In fact, I did inform him in addition, because of the nature of the charge, nature of the conviction * * * that he was subject to deportation. He is not a citizen of the United States. I want to make that clear also.

{¶16} Furthermore, the prosecutor stated:

We also [sic] dismissing what is called the sexual predator spec because in this particular instance, I don't believe it is going to have any meaning, since it is certainly our understanding that when the defendant is convicted of a felony, he will be deported after he serves his time here, and he will never be in the United States to be subject to any kind of notification. So it has really no meaning, so we will dismiss the specification attached to count 1 also.

{¶17} Second, Hernandez signed a written plea agreement prior to the hearing. The plea form asked, "Are you a citizen of the United States of America?"

7

Hernandez answered, "No." The plea form then recited the R.C. 2943.031(A) advisement. Hernandez signed at the bottom of the form. At the plea hearing, the court asked Hernandez if he had read the plea form, discussed it with defense counsel, understood its meaning, and signed it. Hernandez responded affirmatively.

{¶18} Third, Ohio Department of Rehabilitation and Correction ("ODRC") and parole board documents put Hernandez on notice of deportation well before July 2019. On April 23, 1998, Hernandez signed a form given to him by ODRC advising him that he was wanted by "US Immigration" and that there had been a "detainer placed." In its February 2001 denial of parole, the parole board stated, "Inmate should serve at least ½ his maximum sentence before being deported to El Salvador." Then, inexplicably, in its July 2013 denial of parole, the board questioned whether Hernandez would be deported ("Offender currently has a detainer for deportation. * * * The board has been notified that deportation is unlikely"). Despite any wrongful assumption made by the parole board in 2013, Hernandez had been advised years earlier that he would be deported, and so the parole board's statement that he might not be deported does not excuse his delay.

{¶19} Fourth, the length of the delay (21 years) supports a finding that Hernandez's motion was untimely. "Waiting 24 years to file his R.C. 2943.031(D) motion since entering his guilty pleas was, while not dispositive alone as a matter of law, untimely and unreasonable, as many courts of appeals have found with lesser delays." *State v. Leon,* 6th Dist. Huron No. H-18-018, 2019-Ohio-1178, ¶ 43 (listing decisions from other courts of appeals).

{¶20} Finally, Hernandez's complete failure to explain the delay in filing the motion supports a holding that the motion was untimely. *See Walker,* 2017-Ohio-

511, 78 N.E.3d 922, at ¶ 25.  As illustrated above, his claim that he was unaware of the consequences of his plea until December 2016 is without merit.

{¶21}  The trial court did not explain its reasoning in denying Hernandez's motion to withdraw his guilty plea.  However, the state's motion in response to Hernandez's motion to withdraw conceded that the four R.C. 2943.031(D) factors had been met and focused on the issue of timeliness.  Since we agree that Hernandez's motion was untimely, we cannot say that the trial court abused its discretion in denying his motion to withdraw his guilty plea.

### *Conclusion*

{¶22}  The sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.