**[Cite as *Ackman v. Mercy Health West Hosp., L.L.C.*, 2023-Ohio-2075.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JENNIFER ACKMAN, Personal Representative and Administrator of the Estate of Janet M. Sollmann, deceased, | : | APPEAL NO. C-220507<br>TRIAL NO. A-2000845 |
| | : | |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| vs. | : | |
| MERCY HEALTH WEST HOSPITAL, LLC, et al., | : | |
| | : | |
| Defendants, | : | |
| and | : | |
| MUHAMMAD RIAZ AHMAD, M.D., | : | |
| and | : | |
| HOSPITALIST MEDICINE PHYSICIANS OF OHIO P.C., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 23, 2023

*Colleen M. Hegge*, *F. Joseph Shiavone Co., LPA*, and *Frank Schiavone III*, for Plaintiff-Appellant,

*Calderhead, Lockemeyer & Peschke Law Office*, and *Joshua F. DeBra*, for Defendants-Appellees Muhammad Riaz Ahmad, M.D., and Hospitalist Medicine Physicians of Ohio, P.C.,

**BOCK, Judge.**

{¶1}    Plaintiff-appellant Jennifer Ackman, the personal representative and administrator of the estate of Janet M. Sollmann, appeals the trial court's entry of summary judgment dismissing defendants-appellees Muhammad Riaz Ahmad, M.D., ("Ahmad") and Hospitalist Medicine Physicians of Ohio, P.C., ("Hospitalist") for lack of proper service. For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedure

{¶2}    In February 2020, Ackman filed medical-malpractice and wrongful-death claims against several defendants, including Ahmad and Hospitalist. According to the complaint, Ahmad is an employee of Hospitalist and provided care for Janet Sollmann in April 2019 at Mercy Health West Hospital. Ackman tried to serve Ahmad through certified mail at a business address for Mercy Hospital on Kipling Avenue in Cincinnati, Ohio. But service failed because that hospital was demolished in 2015.

{¶3}    In March 2020, Ahmad and Hospitalist answered Ackman's complaint, raising several defenses, including insufficient process and insufficient service of process under Civ.R. 12(B)(4) and (5). Weeks later, the certified mail envelope addressed to Ahmad was returned to the Hamilton County Clerk's office marked "RETURN TO SENDER, VACANT, UNABLE TO FORWARD, RETURN TO SENDER."

{¶4}    After some participation in the case, Ahmad and Hospitalist moved for summary judgment in June 2022, requesting that the court dismiss Ahmad and Hospitalist based on Ackman's failed service. The trial court granted summary judgment to Ahmad, finding no genuine issue of material fact. Specifically, the trial court ruled that Ahmad properly preserved his insufficient-process and insufficient-service-of-process defenses despite his active participation in the case. Because the case was never commenced against Ahmad within the statute of limitations and the

2

claims against defendant Hospitalist were premised on vicarious liability, the trial court dismissed defendants Ahmad and Hospitalist from the case.

## II. Law and Analysis

{¶5} Ackman challenges the trial court's grant of summary judgment in a single assignment of error. First, Ackman maintains that Ahmad's active participation in the case waived his service-based affirmative defenses. Second, Ackman contends that summary judgment is improper when an issue of fact exists involving the clerk of court's alleged failure to comply with Civ.R. 4.1(A)(2). Third, Ackman argues that Ahmad had reasonable notice of the lawsuit through his employer, Hospitalist. Fourth, Ackman asserts that the trial court erred when it dismissed defendant Hospitalist.

{¶6} We review the trial court's grant of summary judgment de novo. *Wright v. Mirza*, 2017-Ohio-7183, 95 N.E.3d 1108, ¶ 5 (1st Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), "[s]ummary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party." *Id.*

### Ahmad Did Not Waive Service-Related Defenses

{¶7} Under Civ.R. 3(A), service of a complaint upon a named defendant commences a civil action. Civ.R. 12(H)(1) governs the waiver of affirmative defenses relevant to this case—insufficient process or insufficient service of process. Under that rule, service-based affirmative defenses are waived "if a motion is made raising other Civ.R. 12(B) defenses and [they are] not included in that motion or, if there is no such motion, if [they are] not raised by separate motion or included in the responsive

pleading." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 9.

{¶8} In *Gliozzo,* the Ohio Supreme Court held that "when the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in litigation of a case does not constitute waiver of that defense." *Id.* at ¶ 11. And we are, of course, compelled to apply binding precedent from the Ohio Supreme Court. *See State v. Hernandez,* 2020-Ohio-5496, 163 N.E.3d 1175, ¶ 13 (1st Dist.).

{¶9} Although a party may waive insufficiency of process, "[t]he only way in which a party can voluntarily submit to a court's jurisdiction, however, is by failing to raise the defense of insufficiency of service of process in a responsive pleading or by filing certain motions before any pleading." *Gliozzo* at ¶ 13; *see Pioneer Automotive v. Village Gate*, 1st Dist. Hamilton No. C-210205, 2022-Ohio-1247, ¶ 10. In *Gliozzo,* the defendants "properly raised the affirmative defense of insufficiency of service of process by including it in their answer" and were therefore "free to seek dismissal of the case for insufficiency of service, even though they had also mounted a vigorous defense upon the merits." *Gliozzo* at ¶ 12.

{¶10} The parties agree that Ahmad was never served. And the record makes clear that Ahmad and Hospitalist answered Ackman's complaint, raising both insufficient process and insufficient service of process under Civ.R. 12(B)(4) and (5). Yet, Ackman contends that Ahmad's involvement in the case waived his insufficient-process and insufficient-service-of-process defenses. Ackman points to Ahmad's participation in case-scheduling orders in May 2020 and a joint motion to amend the scheduling order filed in February 2021 to assert that Ahmad voluntarily submitted to the jurisdiction of the court.

**{¶11}** But these arguments run counter to *Gliozzo*. And the facts in *Gliozzo* are nearly identical to the facts in this case. Ahmad raised his insufficient-service and insufficient-service-of-process defenses in his answer, participated in the litigation, and moved for summary judgment based on those defenses. We cannot distinguish the facts of this case from *Gliozzo,* which is binding precedent and dispositive of Ackman's arguments.

### *An Attorney Carries The Ultimate Duty Of Verifying Service*

**{¶12}** Next, Ackman argues that the Hamilton County Clerk of Courts failed to notify her counsel that service to Ahmad at the Kipling Avenue address failed. Civ.R. 4.1(A)(2) instructs the clerk of courts to "notify the attorney of record" when service fails, in addition to entering that fact and the method of notification on the docket. On April 13, 2020, the clerk of courts recorded on the docket that the service failed and was returned because the property was vacant. It appears the notice of that failed delivery never found its way to Ackman's attorney.

**{¶13}** But the civil rules "place[] responsibility on attorneys for verifying service." *Brookville Ents. v. Clarence J. Kessler Estate HCF Mgt.*, 2d Dist. Montgomery No. 29314, 2022-Ohio-1420, ¶ 30. Under Civ.R. 4.6(E), "the attorney of record or the serving party shall be responsible for determining if service has been made and shall timely file written instructions with the clerk regarding completion of service notwithstanding the provisions in Civ.R. 4.1 through 4.6 which instruct a clerk to notify the attorney of record or the serving party of failure of service of process." In the end, Ackman's attorney failed to determine if service had been completed.

### *Service Was Not Reasonably Calculated To Provide Ahmad Notice Of The Claims*

**{¶14}** Ackman emphasizes the fact that she successfully served Hospitalist, through an agent, to argue that Ahmad had reasonable notice of the claims.

{¶15}   We recognize that the civil rules and due process do not " 'require actual service upon the party receiving notice.' " *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 405, 406 N.E.2d 811 (1980), quoting *Castellano v. Kosydar,* 42 Ohio St.2d 107, 111, 326 N.E.2d 686 (1975). Indeed, the Ohio Supreme Court has held that "service is effective when the notice is delivered and properly receipted for by an appropriate person." *Castellano* at 111. And the court has held that service "to a business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated." *Swinehart* at 406. In other words, due process requires, at a minimum, that parties must be served in a manner reasonably calculated to " 'apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.*, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Swinehart,* service was not reasonably calculated to apprise the defendant who "did not maintain an office on the premises of the business" where service was attempted, "[h]is principal place of business was in fact in another city," and he "only sporadically visited the business where service was attempted[] usually two or three times per month." *Id.* at 406-407.

{¶16}   So too here. Ahmad acknowledged in his pleading and affidavit that Hospitalist is his employer. But like the defendant in *Swinehart,* Ahmad does not maintain an office at Hospitalist's business address. Instead, he works at "multiple Mercy facilities" in the Cincinnati area. Further, Hospitalist was served in Columbus, Ohio. And significantly, Ahmad was not identified on the certified mail envelope delivered to Hospitalist. Therefore, we conclude that serving Hospitalist was not done in a manner reasonably calculated to provide Ahmad notice of the claims.

*Hospitalist's Liability Was Premised On Ahmad's Liability*

{¶17}  The final issue raised by Ackman concerns the trial court's dismissal of Hospitalist. After the trial court granted summary judgment to Ahmad because the suit against him had never commenced, the trial court granted summary judgment for Hospitalist because the claims against Hospitalist "sound only in vicarious liability." The court dismissed Ahmad and Hospitalist from the case. Ackman takes issue with the court's dismissal of Hospitalist, advancing two arguments.

{¶18}  First, Ackman argues that Hospitalist failed to substantively present a vicarious-liability argument in its summary-judgment motion. We disagree. " 'It is reversible error to award summary judgment on grounds not specified in the motion for summary judgment.' " *State ex rel. Sawicki v. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 27, quoting *Patterson v. Ahmed*, 176 Ohio App.3d 596, 2008-Ohio-362, 893 N.E.2d 198, ¶ 14 (6th Dist.). But Hospitalist maintained in its summary-judgment motion that all claims against it were premised vicariously on the liability of Ahmad. Hospitalist sufficiently raised the issue and Ahmad's affidavit supported its argument. *See* Civ.R. 56(B).

{¶19}  Second, Ackman contends that her negligence claims were not premised on vicarious liability. Rather, she emphasizes her alleged negligence claim against Hospitalist individually. In response, Hospitalist argues that it cannot be held liable without a suit against one of its agents.

{¶20}  But Ackman's claim was a medical claim. Ackman titled her first claim "NEGLIGENCE" and maintained that Hospitalist failed to "exercise reasonable care and skill" when assessing, diagnosing, and treating Sollmann. While Ackman argues that she is raising ordinary negligence claims, " '[m]alpractice by any other name still constitutes malpractice.' " *Amadasu v. O'Neal*, 176 Ohio App.3d 217, 2008-Ohio-1730,

7

891 N.E.2d 802, ¶ 9 (1st Dist.), quoting *Steinmetz v. Francis J. Lowry, D.D.S. & Assoc.*, 17 Ohio App.3d 116, 118, 477 N.E.2d 671 (1st Dist.1984), quoting *Muir v. Hadler Real Estate Mgt. Co.*, 4 Ohio App.3d 89, 90, 446 N.E.2d 820 (10th Dist.1982). Indeed, "[i]t makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice." *Steinmetz* at 118, quoting *Muir* at 90, quoting *Richardson v. Doe*, 176 Ohio St. 370, 372, 199 N.E.2d 878 (1964).

**{¶21}** The nature of Ackman's claim is significant because this court and others have held that "only individuals can be held directly liable for medical malpractice." *Henry v. Mandell-Brown*, 1st Dist. Hamilton No. C-090752, 2010-Ohio-3832, ¶ 13. And " 'a hospital does not practice medicine and is incapable of committing malpractice.' " *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 14, quoting *Browning v. Burt*, 66 Ohio St.3d 544, 556, 613 N.E.2d 993 (1993). Ackman alleged in her complaint that Hospitalist, along with Ahmad, failed to administer appropriate treatment and failed to conduct necessary scans of Sollmann. And Ackman identified Hospitalist as "a Professional Corporation * * * doing business in Hamilton County providing medical services." But Hospitalist cannot be held directly liable to Ackman and she must proceed under a theory of vicarious liability.

**{¶22}** But, as the trial court concluded, Ackman cannot prevail against Hospitalist under a theory of vicarious liability. When a medical claim premises the liability of an employer "solely on vicarious liability, the imputed liability hinges on the tortfeasor's relationship to the entity." *McQuade v. Mayfield Clinic, Inc.*, 2022-Ohio-785, 186 N.E.3d 278, ¶ 9 (1st Dist.), citing *Dinges v. St. Luke's Hosp.*, 2012-Ohio-2422, 971 N.E.2d 1045, ¶ 45 (6th Dist.) (Yarbrough, J., concurring). Further " 'an entity may be vicariously liable for malpractice only when one or more of its principals

8

or associates are liable' " for malpractice. *Id.* at ¶ 11, quoting *Wuerth* at ¶ 26. In other words, vicarious-liability claims against a physician's employer are precluded when direct-liability claims against the physician are barred. *Clawson v. Hts. Chiropractic Physicians, L.L.C.,* Slip Opinion No. 2022-Ohio-4154, ¶ 29.

{¶23} Consider *Mandell-Brown,* a medical-malpractice case where the patient's claims against the surgeon were dismissed as untimely under the statute of limitations. *Mandell-Brown* at ¶ 1. This court affirmed the trial court's dismissal of the surgery center as a defendant because "only individuals can be held directly liable for medical malpractice" and therefore "the respondeat superior claim against the surgery center could not survive the dismissal of the claims against Mandell-Brown." *Id.* at ¶ 13-14. And following *Mandell-Brown,* we explained that there is "no room for vicarious liability for medical malpractice where a doctor cannot be found to be liable for malpractice." *Rush v. Univ. of Cincinnati Physicians, Inc.,* 2016-Ohio-947, 62 N.E.3d 583, ¶ 25 (1st Dist.).

{¶24} In the end, *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714 (2007) requires us to hold that Ahmad's active participation in this case did not waive any service-based defenses. And Ackman's vicarious-liability claims against Hospitalist could not survive the dismissal of Ahmad. We overrule her assignment of error.

### III. Conclusion

{¶25} We overrule Ackman's single assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**WINKLER, J.,** concurs.
**BERGERON, P.J.,** concurs separately.

**BERGERON, P.J.**, concurring separately.

{¶26} For those who would complain about our civil justice system as being too slow, too expensive, and too reliant on technicalities, this case is Exhibit A. While I agree with the majority's conclusion as correct under *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, I write separately to urge the Supreme Court of Ohio to revisit its holding in *Gliozzo*, or failing that, I would encourage the Rules Committee to remedy the matter. We should not allow rule interpretations such as that espoused by *Gliozzo* to turn Civ.R. 1's mandate that the Civil Rules must be interpreted "to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice" on its head. Civ.R. 1(B). As I see it, the *Gliozzo* rule accomplishes the hat trick of exactly what Civ.R. 1 sought to avoid.

{¶27} In 2007, the Ohio Supreme Court in *Gliozzo* held, "When the affirmative defense of insufficiency of process is properly raised and properly preserved [by including it in their answer, pursuant to Civ.R. 12], a party's active participation in litigation of a case does not constitute waiver of that defense." *Gliozzo* at ¶ 11. In other words, a party can sit back and wait for the clock to run out, all the while engaging in active litigation.

{¶28} The origins of this holding trace back to 1984, when the Ohio Supreme Court issued its decision in *First Bank of Marietta v. Cline*, 12 Ohio St.3d 317, 466 N.E.2d 567 (1984). In *Cline*, defendants properly raised the defense of insufficient service of process in the first responsive pleading, but the case proceeded to trial. Only after all the evidence had been presented did the defense move to dismiss for insufficiency of service of process. The court held that failure to request a pretrial hearing on the issue did not constitute a waiver of the defense. *Id.* at 318. In making

10

this decision, the court relied on the language of Civ.R. 12(D), ultimately concluding that "[t]he rule does not require a party to request a preliminary hearing on the specified motions, nor does it mandate a waiver of such defenses for failure to do so." *Id.*

**{¶29}** It doesn't have to be this way. Consider the federal example. Nearly identical to Ohio's rule, Fed.R.Civ.P. 12(h) provides: "A party waives any defense listed in Rule 12(b)(2)-(5) [including insufficient service of process] by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment * * *." Just like in Ohio, Fed.R.Civ.P. 12(b) obliges a party to raise the defense of insufficient service of process either by answer or by motion made before the answer. If a party fails to raise the defense by either of those means, Fed.R.Civ.P. 12(h)(1) provides that it is waived. Unlike in Ohio, however, even if the defense is preserved in the answer, many federal courts have held the defenses identified in Fed.R.Civ.P. 12(h)(1) to be waived if the party participates in litigation without actively pursuing the defenses. This is referred to as "waiver by conduct." *See Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir.2019) (explaining that, even where a defendant preserves a Fed.R.Civ.P. 12(b) defense in an answer, he may forfeit the right to seek a ruling on the defense at a later point through his conduct in the litigation); *see also King v. Taylor*, 694 F.3d 650, 658 (6th Cir.2012), citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir.1999) ("Even where a defendant properly preserves [a defense of insufficient service of process] by including it in an answer, he may forfeit the right to seek a ruling on the defense at a later juncture through his conduct during the litigation.").

**{¶30}** In *King*, the defendant included an insufficient service defense in his answer but then remained silent on the issue for nearly a year. *King* at 660. During that year, the defendant participated in the litigation in various ways, including meeting with plaintiffs' counsel, participating in discovery on the merits, moving to extend discovery deadlines, and attending a status conference. *Id.* While the district court ruled that the defendant had not waived his Fed.R.Civ.P. 12(b)(5) defense, the Sixth Circuit reversed, holding, "Such voluntary, active, and extensive participation in the litigation indisputably gave plaintiffs a 'reasonable expectation that [defendant would] defend the suit on the merits.' " *Id.*, quoting *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir.2011).

**{¶31}** The court emphasized: "In finding forfeiture here, we do not imply that a defendant who believes he has been improperly served and insists upon proper service must raise the issue in a motion at the earliest possible moment upon pain of forfeiture. * * * [Defendant], however, waited until well after the 120-day period [to serve a defendant] expired to press his service defense in a motion and, in the meantime, took substantial steps to defend the case on the merits. Doing so forfeited his defense." *Id.* at 661. Moreover, federal case law explains that " '[d]etermining what constitutes waiver by conduct is more [an] art than a science * * * and there is no bright line rule.' " *Boulger* at 477, quoting *State Auto Ins. Co. v. Thomas Landscaping & Constr., Inc.*, S.D. Ohio No. 2:09-cv-735, 2011 U.S. Dist. LEXIS 88176 (Aug. 9, 2011), and *Pruco Life Ins. Co. v. Wilmington Trust Co.*, 616 F.Supp.2d 210, 216 (D.R.I.2009). A court "must consider all of the relevant circumstances in determining whether waiver by conduct has occurred." *Boulger* at 477.

**{¶32}** The federal standard strikes me as a sensible way of addressing a party's failure to litigate affirmative defenses like insufficiency of service. We should not encourage litigation charades, with parties lying in wait to run out the clock on statutes of limitations or repose, all the while pretending to litigate with gusto. That inflicts real harm on the adverse party and the court system as well. Since the primary purpose of service is to ensure that the party has notice of the suit, obligating that party to press an objection to service is not an onerous requirement. For these reasons, I encourage the Supreme Court to reconsider the *Gliozzo* rule and adopt the federal waiver by conduct approach as applied by the Sixth Circuit.

Please note:

The court has recorded its entry on the date of the release of this opinion.